UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01211-CAS(DTBx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. ET AL V. SUNSHINE DAYDREAM, LLC ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (**In Chambers:**) MOTION FOR SERVICE BY PUBLICATION (dkt. 44, filed January 10, 2014)

    The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 10, 2014, is vacated, and the matter is hereby taken under submission.

    Plaintiffs in this case allege that defendant Armen Abroyen defrauded them through his corporation Sunshine Daydream LLC. Plaintiff-in-Intervention, First Bank, has unsuccessfully attempted to personally serve Abroyen, and now moves to serve Abroyen by publication. Dkt. 44.

    Pursuant to Fed. R. Civ. P. 4(e)(1), service in federal court may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California Code of Civil Procedure § 415.50(a), in turn, permits service by publication if (1) "it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article" and (2) "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action."

    The Court finds that First Bank's motion should be granted. First, the Court is satisfied that Abroyen cannot be served with reasonable diligence. David Lee, First Bank's counsel, has submitted a declaration outlining First Bank's efforts to personally serve Abroyen. These efforts include attempting to serve Abroyen at his listed addresses, attempting to effect substituted service on a tenant occupying a building owned by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01211-CAS(DTBx) | Date | February 7, 2014 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. ET AL V. SUNSHINE DAYDREAM, LLC ET AL | | |

Abroyen, deposing that tenant to discover Abroyen's whereabouts, and contacting the FBI, which has also been unable to locate Abroyen. Lee Decl. ¶¶ 6-13. Lee also states that he spoke with counsel in several other cases against Abroyen, all of whom have confirmed that they were unable to locate or serve Abroyen. Id. ¶ 17. Based on these representations, the Court determines that Abroyen "cannot with reasonable diligence be served in another manner" specified in the California Code of Civil Procedure.

Second, it appears that a cause of action exists against Abroyen. First Bank, along with plaintiffs Bank of America, N.A. and Comerica Bank, allege that, beginning in June 2012, Abroyen secured loans from several banks to finance a purported event planning business, Sunshine Daydream, LLC. Compl. ¶¶ 10-11. Plaintiffs allege that Abroyen never intended to finance this business, and instead absconded with the loan funds as part of a fraudulent scheme. Id. ¶¶ 12-13. These allegations form a more than sufficient basis for this Court to conclude that a claim "exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a).

Accordingly, the Court concludes that service by publication is appropriate in this case. The Court therefore GRANTS First Bank's motion, and directs First Bank to effectuate service by publication in the Los Angeles and San Francisco Daily Journals, in accordance with the procedures set forth by Cal. Civ. Proc. Code § 415.50.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |